RONNIE LEE ELSER *v.* STATE OF ARKANSAS

5284                                        418 S. W. 2d 389

Opinion delivered September 18, 1967

*Roy Mitchell,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a petition for post-conviction relief under our Criminal Procedure Rule No. 1. 239 Ark. 850a. The trial court denied the petition.

In October, 1965, the appellant, Ronnie Lee Elser, and a codefendant, Victor Houk, were charged with having robbed two motels in Garland county. At the arraignment Elser declined the offer of the trial judge, P. E. Dobbs, to appoint counsel for him. Elser pleaded guilty to one charge and not guilty to the other. No evidence was introduced except written statements by the two defendants, both of whom said that Elser had nothing to do with the robbery of one of the motels, the Sands. The trial court nevertheless found Elser guilty upon both counts and imposed a sentence of imprisonment for fifteen years, with five years suspended on condition of good behavior.

Two months later Elser filed his present petition, in which he asserted his complete innocence of both offenses. He attributed his earlier plea of guilty to bru-

tality on the part of the Little Rock police when he was first arrested and to his fear of similar mistreatment by the Hot Springs police if he insisted on his innocence. When the Rule 1 petition was filed Judge Dobbs appointed Earl Mazander, a member of the Garland county bar to represent Elser. After a hearing, at which Elser and several police officers testified, the court entered an order finding that Elser had committed perjury and that the relief sought should be denied.

For reversal it is argued that in the original arrest and arraignment the appellant's constitutional rights were violated in several respects. We do not reach those issues, because, unfortunately, it is apparent from the record that Elser did not receive in the court below the impartial hearing to which he was entitled. It is evident that from the outset Judge Dobbs had a preconceived conviction that the assertions in the Rule 1 petition were false. Again and again he intervened in the presentation of the evidence, exhibiting such unmistakable bias and such a prejudiced demeanor as to render his findings of no value to this court. To make our point clear we think it sufficient to quote a few excerpts from the record.

The Court: Now you've filed a petition in here because your rights have been violated by—under the Constitution. You're representing him. I appointed you to represent him?

Mr. Mazander: That's correct, you honor.

The Court: You know I'm getting tired of you guys coming in here to court and I've got to appoint somebody to represent you. All right, put on your evidence.

Circuit Clerk, Mr. Hilliard [to Elser]: Will you raise your right hand and be sworn please, sir?

The Court: I don't think that would do any good but go ahead and swear him.

\*    \*    \*

The Court: Do you mean to tell me that you still don't admit that you robbed the Holiday Inn?

A. I did not rob the Holiday Inn.

The Court: You walked in there and knocked a poor old man in the head with a pistol and you don't admit it?

A. I did not.

\*    \*    \*    \*    \*

The Court: Just a minute, answer my question. You were identified as the person who used a pistol and beat this poor old man over the head, aren't you?

A. We were identified.

The Court: Okay . . . I know more about this case than you do, just about as much about it.

\*    \*    \*    \*    \*

The Court: Just a minute. He's a thug [referring to Houk, the codefendant] just like you are, isn't he? Uh? You want to admit it?

A. I don't know as I'm a thug, your honor.

The Court: If you wasn't a thug why did you go down there and take a pistol and hit an old man over the head?

A. I denied that.

The Court: I know you denied it, but it's the truth. Just like I am right now, I'm a little bit worked up, too.

\*    \*    \*    \*    \*

The Court: Mr. Whittington [the prosecuting attorney], I think he's admitted everything he wanted to. I want to file a perjury charge against him. But he's admitted everything—

Mr. Whittington: Sir, we haven't made a liar out of him yet.

The Court: Huh?

Mr. Whittington: Give me about five minutes, sir.

The Court: Okay . . . I would like to sentence him now for 20 more years. [To this point no one had testified except Elser, who denied his guilt.]

\* \* \* \* \*

The Court: Let me say this to you, Mr. Mazander. There was no warrant. I issued the warrant the next day.

Mr. Mazander: Your honor, I'm just trying to make a record. We allege in this petition that it was an illegal arrest, and I think I ought to be able to put in evidence that this Lieutenant—

The Court: How is there going to be an illegal arrest? You just answer me one question, how is it going to be illegal arrest when two thugs come in here and beat an old man with a pistol?

\* \* \* \* \*

Mr. Mazander: That's all the testimony, your honor.

The Court: I want him to stand up. At the time I gave you a sentence I gave you fifteen years, five suspended. Now since you came in here and lied like a dog against all the police officers and everybody I'm going—you know what—I'm going to put that up five year, 'cause you in my opinion, you've just

lied like nobody's business. You admit it's your pistol, don't you?

A. I did not admit that was my pistol.

Q. You admitted you had one, didn't you?

A. I had a pistol.

Q. And you admit robbing the Holiday Inn?

A. I deny that.

Q. You do, eh? I tell you what I'm going to do. I'm going to suspend this other five years. I want you to go down for fifteen more years and don't come back up here before me again. Now that's all I've got to say—I'm going to suspend—I gave you ten and I suspended five of it trying to give you a chance. And you've come up here and lied before all the officers and everybody else. I want you to go back down there where you belong. The Sheriff will take him back down there and lock him in the cell and deliver him to the penitentiary. I want you to take him to the penitentiary yourself, for somebody—

Mr. Mazander: If it please the court, your honor, I'd like to enter into the record the objection to the changing of the original sentence.

The Court: Mr. Mazander, I think you know that I retained your assistance.

Mr. Mazander: That's correct, your honor, but I want the objection in the record.

The Court: Okay, you can object, 'cause I'm going to give him another five years down there for coming back up here.

As we have indicated, we attach no weight to the trial court's findings. It is evident that the trial judge

should have withdrawn from the case when the petition came on to be heard. A new hearing is accordingly necessary. Even though the testimony has been extensively developed and is before us, in cases at law it is not our province to decide issues of fact when the evidence is in conflict. *Boatner* v. *Gates Bros. Lbr. Co.*, 224 Ark. 494, 275 S. W. 2d 627, 51 A. L. R. 2d 326 (1955). Of course we do not imply that Elser's uncorroborated testimony outweighs that of the five police officers who testified for the State, or vice versa. The circuit judge who hears the case on remand (Judge Dobbs having retired) will pass upon contested issues of fact.

Reversed.