Elmer Lee PARHAM *v.* STATE of Arkansas

CR 77-118                                    555 S.W. 2d 943

Opinion delivered October 3, 1977
(Division I)

*Henry Morgan,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This appeal is from a verdict and judgment convicting the appellant of possession of marihuana with intent to deliver and sentencing him to imprisonment and a fine. Six points for reversal are argued.

Three of the points relate to the admission of evidence seized in the course of a search of the appellant's home, pursuant to a search warrant. Rule 16.2 of the 1976 Rules of Criminal Procedure requires that objection to the use of such evidence be made by a motion to suppress, which must be filed not later than ten days before the date set for trial unless the court for good cause extends the time. Here the motion was not filed until a day or two before the date for trial, which apparently had been set several months in advance. No cause for the delay was asserted.

These three points for reversal must fail, because the trial court correctly denied the motion as having been filed too late. It is argued that the Rule is unconstitutional, because the right to object to an unlawful search is a constitutional one that cannot be fettered by the ten-day limitation. Constitutional rights, however, must be asserted in the manner specified by valid procedural requirements. A complaint based upon a constitutional right must be in writing, must be verified if the statute or rule so requires, must be lodged in the right court, and must be filed within the time allowed by the statute of limitations. Similarly an answer must be filed within the time allowed, usually 20 days in Arkansas. Here the ten-day rule for the filing of motions to suppress is a reasonable one. The filing of such a motion can fairly be required in time to permit jurors to be summoned if a trial is necessary. If the motion is sustained and the evidence suppressed, the State needs time to decide whether to take an interlocutory appeal, as permitted by Rule 16.2 (d), or to go to trial without the evidence. If the State decides not to go to trial, there should be time for another case to be set in place of the one that has gone off the trial docket. Thus

the Rule is valid; so the appellant's three related points for reversal must be rejected.

Complaint is made that the court allowed the State to call two witnesses whose names were not listed in response to the defendant's request for disclosure. The two witnesses testified only about the chain of custody of the marihuana that had been seized, in response to the defendant's insistence upon strict proof of that chain. No prejudice is shown, nor was there any claim of surprise or request for a continuance. The court's ruling was not an abuse of discretion. *Gibson* v. *State*, 252 Ark. 988, 482 S.W. 2d 98 (1972).

No error is shown in the trial court's refusal to permit defense counsel to cross-examine a State's witness, a former police officer, about the reasons for his dismissal from the municipal police force. The information sought to be elicited could have gone only to his credibility, not to the merits. That being so, a proffer of proof should have been made, even though the witness was being cross-examined. *Washington Nat. Ins. Co.* v. *Meeks,* 249 Ark. 73, 458 S.W. 2d 135 (1970). That is especially true here, as the appellant's attorney states in his brief that he had information about the officer's earlier discharge from other police departments. Without a proffer of that information the trial court could not determine whether the cross-examination should have been permitted, nor are we in a position to say whether there was prejudice.

Finally, the prosecuting attorney did not act improperly in withdrawing his offer to enter into a plea bargain, for the offer had not been accepted when a change in the turn of events led the prosecutor to withdraw the offer.

Affirmed.

We agree. FRANK HOLT, ROY, and HICKMAN, JJ.