Lola SPEED *v.* CITY of Jonesboro, Arkansas

CA CR 79-95                                594 S.W. 2d 44

Opinion delivered January 23, 1980
Released for publication February 13, 1980

1088

*Warren E. Dupwe*, for appellant.

*Steve Clark*, Atty. Gen., by: *Dennis R. Molock*, Asst. Atty. Gen., for appellee.

M. STEELE HAYS, Judge. Appellant was tried on charges of public intoxication and possession of marijuana. The jury returned a verdict of acquittal on the charge of public intoxication and of guilty on the charge of possession, recommending a sentence of one year with two months suspended and a fine of $500. The testimony by the State was: On September 19, 1977, Officer Danny Walker of the Jonesboro Police Department attempted to serve a warrant for the arrest of appellant for the theft of a bicycle. After reading the warrant to appellant and discussing it with her, Mr. Walker concluded that she was under the influence of alcohol and informed appellant that he was arresting her for public intoxication. With the assistance of another officer, Mr. Mashburn, appellant was placed in jail and the two officers proceeded to take an inventory of the appellant's purse. Mr. Walker testified that the purse contained a steak knife, electrical alligator clip and an opened package of cigarettes

in which he found a partially smoked cigarette which he believed to be marijuana. The officer stated that he had no search warrant and that appellant had not consented to the search. He stated that her purse had been searched earlier for weapons and the partially smoked cigarette was discovered during a second search, the purpose of which was to protect her property by preserving a list of contents and also to search for drugs.

Captain H. W. Walker testified that he received from Sergeant Walker "a brown paper bag containing a knife, green vegetable material, cigarettes and a cigarette butt, et cetera" which he packaged and gave to his secretary to mail. He completed a form for Sergeant Walker to be forwarded to the Department of Health. He believed that he had the package mailed by certified mail and that normally he would initial the envelope though he could not recall specifically doing so. He did not personally mail the package, but did hand it to his secretary to mail, although he did not see her actually mail the package. Over objection of defense counsel, a copy of Captain Walker's inventory of the contents of the package was received in evidence.

Mr. Don Wise of the State Drug Laboratory testified that he received a certified manila envelope containing a brown sack enclosing a steak knife, an alligator clip, partially smoked cigarette, three cigarettes, along with a drug laboratory work sheet. He tested the materials and found that the cigarette butt contained 1.1 grams of marijuana. Mr. Wise identified the items received and stated that they had not been altered in any fashion except as required by the examination and tests. He explained that after the tests were performed on October 21 the package was kept in locked storage vault where it remained until he picked it up to appear at the trial. The envelope was sealed and unbroken until presented as evidence.

The introduction of the contents of the package was offered and received in evidence as Exhibit #6 over objection based on improper foundation and chain of custody.

Mr. Walker was recalled to testify that the items received in evidence as Exhibit #6 were the same items removed by him from the appellant and which he and Captain Walker had had sent to the Department of Health. Captain Walker was recalled for the same purpose.

At the close of the State's case the appellant moved to strike all evidence relating to marijuana or any items taken from her purse in the absence of a search warrant or consent by the appellant. Again, at the close of the entire case, appellant moved to suppress the evidence based upon an illegal search and seizure and lack of chain of custody, which motions were overruled.

Appellant argues two points for reversal, that the court erred in not excluding the testimony and evidence obtained in the search of appellant's purse and in finding a proper chain of custody of the evidence.

I

With respect to the chain of custody, we disagree with appellant that the court erred in finding that the chain of custody was sufficient. The thrust of the argument is that Captain Walker's secretary was not called to testify regarding the actual mailing of the envelope containing the items and that there was an unexplained lapse of thirty days from the date the items were placed in the envelope for mailing and the date the envelope was actually mailed.

The purpose of the rule requiring proof of chain of custody is to guard against the introduction of evidence which is not authentic. *Gardner* v. *State*, 263 Ark. 739, 569 S.W. 2d 74 (1978). Such questions must fall largely within the discretion of the trial court and the rule does not require that every possibility of tampering be eliminated by the testimony, but simply that the trial court is satisfied that in reasonable probability, the integrity of the evidence has not been impaired. *Gardner*, *supra*. Minor uncertainties of the sort present in this case are to be argued by counsel and weighed by the jury but are not of such degree as to render evidence inadmissible as a matter of law. *Rogers* v. *State*, 258 Ark. 314, 524 S.W. 2d 227 (1975); *Wickiffe and Scott* v.

*State*, 258 Ark. 544, 527 S.W. 2d 640 (1975). In the case before us, there was no intimation that the evidence had been tampered with or was altered. In fact, several witnesses positively identified the articles as those mailed and received and as being in the same, unaltered form. We find no abuse by the trial court in admitting the evidence over appellant's objection.

Appellant relies upon *Watts* v. *State*, 222 Ark. 427, 261 S.W. 2d 402 (1953), for the proposition that the failure by the State to produce Captain Walker's secretary creates a presumption that her testimony would be unfavorable to the State. But *Watts* v. *State* is readily distinguishable from the present case, for in *Watts* the trial court had refused to permit the defense to argue the point to the jury, which was held to be error. Here, there is no contention that appellant was not permitted to present such arguments to the jury as counsel thought were warranted by the chain of custody.

## II

As to appellant's motion to strike or to suppress the evidence upon which the State's case was founded, it must be observed that Rule 16.2 is clear and unequivocal in its requirement that motions to exclude evidence must be made ten days prior to trial, in the absence of good cause.

There is no suggestion that appellant was not aware of the circumstances which led to the discovery of the evidence used against her and nothing in the way of good cause was offered or even intimated. The constitutionality and the reasonableness of Rule 16.2 have been considered and upheld in *Parham* v. *State*, 262 Ark. 241, 555 S.W. 2d 943 (1977), where it was observed that a motion not filed until a day or two before trial was ''correctly denied as having been filed too late.'' The ten day requirement was held to be a reasonable one. It has been expressly observed by our Supreme Court that the Rules of Criminal Procedure were adopted as ''important guidelines to protect the fundamental rights of the individual while preserving the public interest, and we take a critical view of any failure to comply with the rules.'' *Brothers* v. *State*, 261 Ark. 64, 546 S.W. 2d 715 (1977).

Conceding that there may be instances in which the time requirements of Rule 16.2 ought to be liberalized, it does not follow that defendants can expect to wait until the very close of the State's case to move for the first time to exclude evidence, and, absent good cause, expect the trial court to consider the motion on its merit.

Nor can we agree with appellant that there was any sort of waiver by the prosecution. The prosecution was not put in the position of waiving or not waiving, as the appellant simply moved, at the close of the State's case, to strike all evidence obtained by the search, which the court denied without comment. The same was true of the motion appellant made at the close of the entire case (which this time was termed "motion to suppress"). But in neither instance was the State obligated to voice opposition, as the trial court acted immediately to deny the motion.

It may also be noted that appellant's motions relative to unlawful search were not offered until considerably after the evidence had already been received over objections from appellant on other grounds (i.e., chain of custody, lack of foundation, relevancy and materiality) and irrespective of Rule 16.2 when evidence is objected to which has already been received in evidence, its retention or exclusion is within the discretion of the trial court. *Haight* v. *State*, 259 Ark. 478, 533 S.W. 2d 510 (1976); *Warren* v. *State*, 103 Ark. 165 (1912).

Finding no error, the judgment of the trial court is affirmed.