Verdie MOORE *v.* STATE of Arkansas

CR 81-57                                617 S.W. 2d 855

Supreme Court of Arkansas
Opinion delivered June 29, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Jackson Jones*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

Darrell Hickman, Justice. Verdie Moore appeals from a decision by the Pulaski County Circuit Court that denied his petition for Rule 37 relief without a hearing. The trial judge found that the record in the case conclusively showed that Moore was entitled to no relief. On appeal Moore argues that he was entitled to an evidentiary hearing. We cannot say that the trial judge was clearly wrong and, therefore, we affirm the decision.

Moore was charged with first degree murder. With the assistance of retained counsel, Moore entered a negotiated plea of guilty to second degree murder and received twenty years imprisonment.

Before Moore entered his plea he signed a comprehensive plea statement which informed him of the minimum and maximum sentence for second degree murder. On the plea statement he answered that he fully understood the charges against him, that he had discussed the case with his attorney and was satisfied with the attorney's services, that he was entering the plea of his own free will without anyone causing him to do so on account of promises or threats, and that he realized the judge was not bound by the agreement.

The trial judge conducted a hearing, as he should have, and questioned Moore about his plea before he accepted the plea. The judge asked Moore if his plea was voluntary and if he understood that he would receive twenty years imprisonment. Moore indicated that he knew he was pleading guilty to the second degree murder of Henry C. Nelson and that no threats or promises or inducements of any kind were made in relation to the plea.

In his petition for Rule 37 relief Moore argued that he had ineffective assistance of counsel, that his counsel used coercive tactics to induce his plea of guilty, and that there was insufficient evidence to sustain the conviction. We agree with the trial judge that the documents in this case conclusively show otherwise. In two instances Moore had an opportunity to deny that he was satisfied with his counsel and in neither instance did he do so. He argues that his lawyer told him that he could receive forty years unless he pleaded guilty. In *Horn* v. *State*, 254 Ark. 651, 495 S.W. 2d 152 (1973), we dealt with a similar question of whether statements by counsel concerning the possible sentence that could be received at trial amounted to ineffective assistance of counsel. There we found that the trial court had questioned the defendant on this very matter to make certain that the plea was freely and voluntarily made. We held that Horn could not claim ineffective assistance of counsel since he had the opportunity to raise this issue prior to his plea, and the same is true for Moore. It was not unlikely that Moore could have received forty years on the basis of his statement of what happened. In Moore's petition for Rule 37 relief he stated that on the night of the incident he decided to get some beer and while in the store making his purchase he met an acquaintance whom he asked to take him home. As they were riding home his acquaintance asked Moore if he wanted to buy a shotgun for $25.00. Moore replied that he had only $13.00. Nevertheless he bought the shotgun with four shells. Instead of going directly home Moore went to the friend's house where he sat drinking beer until later when he asked his acquaintance to take him home. On the way he saw Henry C. Nelson walking down the street. Moore had had an argument with Nelson days before about money which Nelson owed him. Nelson had told Moore that if he asked

about the money again he would kill him. Knowing this, Moore asked his acquaintance to stop the car so that he could talk to Nelson about the debt. In Moore's pro se motion to vacate his sentence under Rule 37, he stated:

> But when he [Moore] confronted Nelson about the money, Nelson became hostile and told the petitioner that he was going to kill him and at the same time, went into his pocket for a weapon and started towards the petitioner. Whereas the petitioner took his gun out, put two shells in it and to defend himself from what was clearly a matter of self-defense petitioner then shot A. [sic] C. Nelson.

This statement hardly qualifies as a case for self-defense. If anything, it supports the State's charge that Moore deliberately approached a man whom he knew to be hostile and did not attempt to retreat. Moore had time to get his gun, insert two shells, and shoot Nelson while Nelson did not at any time withdraw his alleged weapon from his pocket.

It would serve no useful purpose to have an evidentiary hearing in this case because the record conclusively shows Moore was entitled to no relief.

Affirmed.

ADKISSON, C.J., not participating.