Jerry Leon DODSON *v.* STATE of Arkansas

CA CR 81-66                           626 S.W. 2d 624

Court of Appeals of Arkansas
Opinion delivered January 20, 1982
[Rehearing denied February 24, 1982.]

*C. Rabon Martin,* Tulsa, Oklahoma, and *Drew M. Luttrell,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. By jury verdict appellant was assessed a prison sentence of three years for possession of a controlled substance, LSD and/or methaqualone, and a five-year sentence for possession of a controlled substance, marijuana, with intent to deliver, the sentences to be served consecutively.

For reversal appellant argues that the State failed to prove venue in Baxter County and that both convictions for possession of controlled substances are predicated upon evidence obtained unlawfully in contravention of the Fourth Amendment to the United States Constitution.

We find no error and the sentences are affirmed.

When the evidence is viewed in the light most favorable to appellee, which we must do on appeal, the record reveals the following. At 7:40 p.m. on January 2, 1981, a search warrant was issued by the judge of the Municipal Court of Baxter County authorizing the search of appellant's trailer residence located south of Mountain Home for marijuana, LSD and amphetamines. Five officers went directly to appellant's residence to serve the warrant but when the officers observed five or six automobiles parked in the yard, in addition to appellant's, they drew back and called for additional officers. At about 8:50 that same evening the warrant was served by nine officers. All the officers were Baxter County deputy sheriffs or policemen of the city of Mountain Home, except for one state police investigator. As the officers approached the trailer, they heard loud music but no voices. One of the officers knocked on the door of the trailer, called out loudly, "Police officers", and after a brief wait and no response from within, pushed open the unlocked door. The warrant was served on appellant, and a search of appellant and the premises produced the drugs

upon which the convictions are based, along with assorted drug paraphernalia.

Appellant's contention that the State failed to establish venue in Baxter County is without merit. Ark. Stat. Ann. § 41-110 (2) (Repl. 1977) provides that the State is not required to prove venue unless evidence is admitted that affirmatively shows that the court lacks venue. It would be unsound to say that the inference of venue from the facts proved in this case is arbitrary. The record is replete with evidence that the trailer searched was in Baxter County: the warrant was issued by the Municipal Judge of Baxter County, and served by Baxter County officers assisted by a state police investigator assigned to investigate drug traffic in Baxter County; the state police investigator marked items found in the search, assigning a case number to the incident, and identified the county as Baxter; the trailer was described in the search warrant and the testimony of officers as being south of Mountain Home, which we take notice as being the seat of Baxter County, some 200 yards east of the intersection of State Highway 5 and State Highway 341.

Uniform Rules of Evidence, Rule 201, provides that a fact may be judicially noticed if it is one not subject to reasonable dispute in that it is generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. In the case of *National Rejectors Industries* v. *Director of Labor*, 1 Ark. App. 163, 613 S.W. 2d 611 (1981) we took judicial notice of the distance between two cities, and we here take notice that the point described is located in Baxter County. There is no suggestion in the record, except for appellant's motion for directed verdict, that any of the incidents referred to in the record occurred anywhere other than in Baxter County. The location of the trailer was described in a way that was certainly and generally known in Baxter County and was capable of ready and reliable determination.

Appellant's motion to suppress the contraband substances found in the search on the grounds that the officers' failure to announce their authority and purpose before

entering contravenes appellant's Fourth Amendment rights was properly overruled for two reasons: The motion was not made timely, and, in the circumstances here, the officers' failure to "knock and announce" did not render the search unreasonable under the Fourth Amendment.

Ark. Rules of Criminal Procedure, Rule 16.2 (b), requires that a written motion to suppress evidence be filed not later than ten days before trial. The trial judge in this case stated that the motion was untimely because it was filed six days before trial. The case had been set for trial six weeks previously without objection from either the State or appellant. In *Parham* v. *State*, 262 Ark. 241, 555 S.W. 2d 943 (1977), the Court held that a motion to suppress which was filed "a day or two" before trial with no cause for the delay was properly denied by the trial court.

Rule 16.2 (b) is reasonable and should be complied with in the absence of good cause. The rule facilitates the orderly procedure of the trial court, and gives the court and the parties an opportunity to study preliminary issues before the trial proper and perhaps dispenses with the necessity for a trial. Appellant offered no good cause for the untimely filing of the motion, and was additionally unable to meet the deadline for briefs ordered by the court before trial. A jury was scheduled to be selected on February 17, 1981, and after a hearing on the untimely motion the parties were ordered to submit briefs on the search issue by February 16, 1981 in order that the trial court could consider them before the selection of a jury. Appellant's briefs were not submitted until the afternoon of February 17, 1981, after the jury had been selected. We hold that appellant did not properly raise the issue of an unreasonable search as required by Rule 16.2 (b).

Ark. Rules of Criminal Procedure, Rule 13.3, outlines the procedure to be followed in the execution of a search warrant, and provides in pertinent part:

(e) The executing officer, and other officers accompanying and assisting him, may use such degree of force, short of deadly force, against persons, or to effect

an entry or to open containers as is reasonably necessary for the successful execution of the search warrant with all practicable safety.

Rule 13.3 contains no "knock and announce" requirement, and appellant asks this court to adopt the theory that the principle is required by the Fourth Amendment.

18 U.S.C. § 3109 provides that a federal officer, executing a search warrant, may break open a door only if "after notice of his authority and purpose," he is denied admittance. Many of the states have enacted a similar statute, and the cases cited by appellant, *Miller* v. *United States,* 357 U.S. 301 (1958), *Sabbath* v. *United States,* 391 U.S. 585 (1968), and *Ker* v. *California,* 374 U.S. 23 (1963), all involve a statute which specifies that law enforcement officers are to knock and announce prior to entry.

In *Miller, supra,* federal officers went to Miller's apartment at 3:45 a.m. without a warrant after a controlled buy of narcotics had been made. An officer knocked on the door, and upon the inquiry from within, "Who's there?" replied in a low voice, "Police." Miller opened the door on an attached door chain and asked the officers what they were doing there, and then attempted to close the door. The officers tore the chain off and entered. The government conceded that the validity of the entry to execute the arrest without a warrant must be tested by criteria identical with those embodied in 18 U.S.C. § 3109. The Court traced the limitations placed by the common law upon the authority of law officers to break the door of a house to effect an arrest. The requirement of the common law was pronounced in 1603 in Semayne's Case, 5 Coke 91, 11 ERC 629, 77 English Reprint 194, to the effect that if the officer breaks into the party's house "he ought to signify the cause of his coming, and to make request to open doors. . ." The Court then observed that the requirement stated in Semayne's Case still obtains, and that it is reflected in 18 U.S.C. § 3109 and in the statutes of a large number of states. The Court recognized without disapproval that some state decisions hold that justification for non-compliance exists in exigent circumstances, as when officers believe they or others may be harmed

or that the person is fleeing or attempting to destroy evidence. The Court, however, said that it was not called upon to decide whether exigent circumstances were present in the case before the Court, but discussed whether, because of facts known to officers, the officers could be justified in being certain the defendant knew they were officers and why they were there.

The government made no claim of circumstances excusing compliance, but argued that compliance with § 3109 was evident. The majority, noting the early hour, no showing that the police were in uniform, and that the answer, "Police" was spoken "in a low voice," concluded that the defendant did not receive the required notice of authority and purpose, but the Fourth Amendment was not mentioned. Two justices dissented, declaring that the requirement of prior notice and authority should not be reduced to an absurdity. The two dissenting justices believed the necessitous circumstances of the case warranted the entry by the officers, and observed that the Court of Appeals was correct in citing the danger of the destruction of the contraband.

In *Sabbath, supra,* the question involved was whether the requirements of § 3109 had been complied with. In that case, the officers opened a closed but locked door to arrest Sabbath, without a warrant and without announcing their purpose or authority. The Court of Appeals had found that the officers did not "break open" the door, and thus were not required by § 3109 to knock and announce. The Supreme Court stated that an unannounced intrusion is no less an intrusion whether officers break down the door, force open a chain locked on a partially opened door, open a locked door by a passkey, or, as in the case before the court, open a closed but unlocked door. The officers contended that compliance was excused because an announcement might have endangered the informant or the officers, but the Supreme Court found that the record revealed no substantial basis for excusing the failure to knock and announce. *Sabbath,* also, was decided on the basis of non-compliance with § 3109, and no constitutional restriction was discussed.

In *Ker, supra,* the United States Supreme Court considered a case arising under a California statute almost identical to 18 U.S.C. § 3109. In that case, state officers, acting upon information they believed to be reliable indicating that Ker was selling marijuana, followed Ker's automobile. After Ker eluded the officers, the officers, without a warrant, obtained a passkey from the building manager of Ker's apartment house. The officers unlocked and opened the door to Ker's apartment, proceeding quietly in order to prevent the destruction of evidence and found Ker sitting in the living room. The California District court of Appeals found that there was probable cause for the arrest, that the entry into the apartment was for the purpose of arrest and was not unlawful; and that the search being incident to the arrest was likewise lawful and its fruits admissible in evidence against Ker. The United States Supreme Court affirmed, holding that the method of entering the apartment did not offend federal constitutional standards of reasonableness.

The Court in *Ker* observed that insofar as violation of a federal statute required the exclusion of evidence in *Miller,* that case is not relevant for state prosecutions, where admissibility is governed by constitutional standards. The Court quoted, without disapproval, a statement expressed by the California court in *People* v. *Maddox,* 46 Cal. 2d 301, 630, 294 Pac. 2d 6, *cert. denied* 352 U.S. 858 (1956), that suspects have no constitutional right to destroy or dispose of evidence, and no basic constitutional guarantees are violated because an officer succeeds in getting to a place where he is entitled to be more quickly than he would, had he complied with the knock and announce rule.

In *Ker,* the majority stated as follows:

While this court does not sit as in *nisi prius* to appraise contradictory factual questions, it will, where necessary to the determination of constitutional rights, make an independent examination of the facts, the findings, and the record so that it can determine for itself whether in the decision as to reasonableness the fundamental — i.e., constitutional — criteria established by this court

have been respected. The States are not thereby pre-
cluded from developing workable rules governing
arrest, searches and seizures to meet 'the practical
demands of effective criminal investigation and law
enforcement' in the states, provided that those rules do
not violate the constitutional proscription of unreas-
onable searches and seizures and the concomitant
command that evidence so seized is inadmissible
against one who has standing to complain . . .

Mr. Justice Harlan concurred with the four justices
voting to affirm the conviction only because he believed a
state is free to impose less rigorous restrictions on its police
officers than are imposed on federal officers by the Fourth
Amendment. He stated that state searches and seizures
should be judged by the more flexible concept of "funda-
mental" fairness.

In *People* v. *Wolgemuth,* 370 N.E. 2d 1067, *cert. denied,*
436 U.S. 908 (Ill. 1977), the Court discussed *Miller, Sabbath,*
and *Ker,* and stated:

By concluding that the United States Supreme
Court has not expressly elevated to a constitutional
requirement the practice of announcing authority and
purpose, we do not mean to devalue its importance.
Although the mere failure of police to announce their
authority and purpose does not *per se* violate the
constitution, it may influence whether the subsequent
entry to arrest or search is constitutionally reasonable.
The function of the requirement to announce author-
ity and purpose is to notify the person inside of the
presence of police and to afford the person an oppor-
tunity to respond, so that violence can be averted and
privacy protected.

The United States Supreme Court, in *United States* v.
*Rabinowitz,* 339 U.S. 56 (1950), stated:

What is a reasonable search is not to be determined by
any fixed formula. The Constitution does not define
what are 'unreasonable' searches and, regrettably, in

our discipline we have no ready litmus-paper test. The recurring questions of the reasonableness of searches must find resolution in the facts and circumstances of each case.

In the instant case we hold that under the circumstances the officers were justified in making the entry to appellant's trailer as they did. The physical evidence being searched for was particularly susceptible to easy destruction, the hour was reasonable, and the officers knew that appellant had previous felony convictions. The officers knocked and announced that they were police officers, waited, and when there was no response they entered the trailer. The officers were not required to wait until the appellant had an opportunity to destroy the evidence. An element present in this case, and notably absent in *Miller, Sabbath* and *Ker,* was the fact that the officers in this case were armed with a valid search warrant. In *Wolgemuth, supra,* the Court observed:

> The fact that an arrest warrant had been issued distinguishes this case from that in which police executed warrantless entry of a suspect's home. The primary function of the warrant requirement of the Fourth Amendment is to interpose prior to an arrest a neutral magistrate's review of the factual justification for the charges.

Affirmed.

GLAZE, J., concurs.

TOM GLAZE, Judge, concurring. I disagree that 18 U.S.C. § 3109 (1979) is applicable to this case. If it were, I could not agree that the circumstances reflected in the record before us show the officers met the requirements set out in § 3109. Nor do I believe the facts justify noncompliance with such requirements due to exigent circumstances. At this time, Arkansas has not adopted a "knock and announce" requirement, and Rule 13.3 of the Arkansas Rules of Criminal Procedure contains the only procedures dealing with entry that our officers must follow in the execution of a search warrant. There is no argument made that the officers

here did not comply with Rule 13.3. Aside from these arguments dealing with § 3109 and Rule 13.3, appellant failed to timely file a motion to suppress as is required under Rule 16.2 (b) of the Arkansas Rules of Criminal Procedure, and the trial court's decision would have to be affirmed on this point alone in view of *Parham* v. *State*, 264 Ark. 241, 555 S.W. 2d 943 (1977).