Frank BROWN, Jr. *v.* STATE of Arkansas

CR 82-103                                    641 S.W.2d 7

Supreme Court of Arkansas
Opinion delivered November 1, 1982

*Anthony W. Bartels, Val P. Price* and *Jim Burton,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. On September 13, 1981, the appellant killed Robert Tatum by shooting him repeatedly before several eye-witnesses. Appellant went to the police station and confessed. He was tried by a jury on November 17, 1981, found guilty of first degree murder and sentenced to life. He raises four issues on appeal, none of which have merit.

Appellant first argues that the trial court erred in denying his request for a hearing on a motion to suppress his confession. The trial was set for November 17, 1981 and the motion was made on November 13, 1981. The filing of motions to suppress evidence is controlled by A.R.Cr.P. 16.2. This rule, as amended by our Per Curiam opinion, 273 Ark. 550, 616 S.W.2d 493 (1981) makes it clear that confessions are included under this rule. It also provides, as it did before the amendment, that the motion to suppress be made "not later than ten (10) days before the date set for the trial of the case, except that the court for good cause shown may entertain a motion to suppress at a later time." In this case the defense attorney had been appointed for several weeks and offered no explanation for the delay. We stated in *Speed v. City of Jonesboro,* 267 Ark. 1087, 594 S.W.2d 44 (1980) ". . . Rule 16.2 is clear and unequivocal in its requirement that motions to exclude evidence must be made ten days prior to trial, in absence of good cause." And in *Parham* v. *State,* 262 Ark. 241, 555 S.W.2d 943 (1977) where the motion was not filed until a day or two before the trial and no good cause was shown, we held that the motion was correctly denied.

In the appellant's second point he argues that the trial court erred in overruling his objection to the use of his confession, given, he claims, while he was intoxicated. He argues that *both* the waiver and the confession were involuntary. For each question we use the same standard for

review to determine voluntariness. The matters are considered independently and considering the totality of the circumstances we will not reverse the trial court unless the ruling was clearly erroneous. See *Dillard* v. *State,* 275 Ark. 320, 629 S.W.2d 291 (1982).

In addition, the state bears the burden of proving by a preponderance of the evidence that the confession was voluntary, and any conflict in the testimony is for the trial court to resolve. See *Harvey* v. *State,* 272 Ark. 19, 611 S.W.2d 762 (1981).

In this case, the appellant got to the police station by himself, and understood the officers' directions to lie on the floor and to take the gun out of his hand. The officer who obtained the waiver and questioned appellant testified that the appellant understood the waiver, did not appear intoxicated, had control of his faculties, and spoke without slurring his speech. Another officer who witnessed the waiver corroborated this testimony. The officer who questioned appellant did not give him a breathalyzer test because he did not appear drunk. He also testified that during the thirteen years in his capacity as a police officer, he had observed many intoxicated individuals and the appellant did not demonstrate any of the characteristics normally associated with a person under the influence of alcohol. The appellant testified that he did not remember signing any waiver or being interrogated, and argues that all of his friends testified he was drunk. On reviewing the abstracted testimony of the defense witnesses, it appears there was agreement that appellant had been drinking that day but there is conflict and inconclusiveness as to how much and to what extent it had affected his behavior.

In *Harvey, supra,* the appellant had argued that he had been drinking heavily the night before and was still drunk while in custody. He said he did not remember having his rights read to him at any time. This conflicted with the testimony of the officers who had questioned him and had seen him earlier in the day. One officer had smelled alcohol on his breath but testified he was not drunk. Other than the appellant's testimony there was no evidence that he was

intoxicated. We did not find the ruling in that case erroneous. In *Jackson* v. *State*, 273 Ark. 107, 617 S.W.2d 13 (1981) in a similar situation to *Harvey*, the appellant and another witness testified that appellant was under the influence of drugs, which was in conflict with the testimony of the officers who had questioned him. We found no error after reviewing the "totality of the circumstances in light of the superior position of the trial court to judge the credibility of the witnesses," *Jackson* at 110. Following the standards for review that we have stated and applied in prior cases, we do not find error in the trial court's decision in this case.

The appellant next argues that the trial court erred by giving incorrect instructions to the jury on the defense of voluntary intoxication. As there was no objection to the instruction appellant is raising this for the first time on appeal, and as we have stated many times, we will not consider any error for review unless it has been raised before the trial court by a timely and proper objection. There are exceptions to the rule, but this case does not come within them. *See Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

For his last point appellant argues that the trial court erred in sustaining an objection to defense testimony concerning appellant's work habits. A fellow employee was called to testify to appellant's general work record. After describing his general character and abilities as an employee she was asked how many absences he had during the past year and she replied, "one absence." An objection by the state was sustained. "The trial court has the discretion to determine the relevancy of evidence and its admissibility. This court will not overturn that discretion absent a clear abuse of discretion thereof." *Brewer* v. *State*, 271 Ark. 254, 608 S.W.2d 363 (1980). We cannot say that there was a clear abuse of discretion in sustaining the objection that the appellant's general work record was not relevant to the case, nor could we say that in any event, the appellant was prejudiced by the objection. The testimony was not excluded, nor was the jury admonished to disregard it. Also, the appellant made no proffer of additional testimony that may have resulted in prejudice to him because of its

exclusion. Failure to make such a proffer precludes review on appeal. *Duncan* v. *State,* 263 Ark. 242, 565 S.W.2d 1 (1978).

The judgment is affirmed.