Morris WOODS, Jr. *v.* STATE of Arkansas

CR 82-122                                    644 S.W.2d 937

Supreme Court of Arkansas
Opinion delivered January 31, 1983

*Robert B. Lamb,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. In 1981 appellant entered pleas of guilty to three charges of aggravated robbery and one charge of burglary. The trial court did not accept the pleas until he was satisfied that appellant knew the nature of the charges, the minimum and maximum sentences, that he was waiving the right to a jury trial and that the plea was

voluntary and made without force, threats or promises. The trial court determined the accuracy of the pleas and asked appellant if he was guilty. He responded, "Yes." The judge then asked: "Are you fully satisfied with your attorney and the service that he has . . . and the interest that he has rendered to you?" Appellant responded, "Yes, sir." Appellant was then sentenced to three concurrent thirty-five year terms and one concurrent twenty year term in the penitentiary. At that time appellant also executed a two page statement to his attorney which, among other things, provided:

> (9) I believe that my lawyer has competently done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND GUIDANCE HE HAS GIVEN ME.

On September 14, 1982, appellant filed a handwritten petition for post-conviction relief alleging that his imprisonment was illegal in that his confession was coerced; that his arrest was illegal; that the prosecution had failed to disclose favorable evidence; and that he did not receive effective assistance of counsel. The same trial court scheduled a post-conviction hearing pursuant to A.R.Cr.P. Rule 37, and appointed a different attorney to represent appellant. The new attorney promptly filed a two-page motion seeking to have the trial judge recuse himself because of prejudice to be proved by fact and prejudice as a matter of law. The trial judge refused to recuse himself and refused any substantive relief. We affirm. Jurisdiction of this Court is invoked pursuant to Rule 29 (1) (e).

Appellant, whose sentences have now been put into execution, asks to withdraw his pleas pursuant to A.R.Cr.P. Rule 26.1 (c) (i). Guilty pleas may not be directly withdrawn after the sentence is put into execution. *Shipman* v. *State,* 261 Ark. 559, 550 S.W.2d 424 (1977). At this stage of the proceeding a withdrawal of plea can be had only after a successful collateral attack on the conviction under a Rule 37 hearing. *Shipman* v. *State, supra.*

Appellant's first argument under Rule 37 is that the trial judge committed error in fact by failing to recuse himself. The transcript reflects that no evidence was given on recusal. Disqualification is discretionary with the judge himself and he will not be reversed absent some abuse of that discretion. *Narisi* v. *Narisi,* 229 Ark. 1059, 320 S.W.2d 757 (1959). Since there was no evidence on the issue there was no showing of abuse of discretion and we affirm on this issue.

In the second phase of the recusal argument appellant contends that the trial judge should have recused himself as a matter of law because "the practice of having the trial judge hear Rule 37 petitions violates the spirit, if not the letter, of the Constitutional prohibition against a judge presiding in the trial where he has 'presided in any inferior court.'" Ark. Const. Art. VII, § 20.

Here, no inferior court is involved in the context of the Constitution and the procedure does not violate the letter of Article VII, § 20. Likewise, the procedure does not violate the spirit of fairness imbued in the section. As stated in *Meyers* v. *State,* 252 Ark. 367, 479 S.W.2d 238 (1972):

> [T]he appellant argues that his constitutional rights were violated because the postconviction proceeding was presided over by the same judge who imposed the original sentence. Counsel cite no authority for this contention. The point is discussed in § 1.4 of the Standards Relating to Post-Conviction Remedies (1968). That discussion first points out that the most desirable venue for a postconviction proceeding is in the court in which the challenged conviction and sentence were rendered. The discussion then continues: "Where jurisdiction is vested in the trial courts and venue is determined as in (b) above, neither a general rule favoring nor one disfavoring submission of post-conviction applications to the same trial judge who originally presided is clearly preferable." The Commentary goes on to state: "The same judge brings to the post-conviction proceeding familiarity with the case or the applicant that may make for more efficient handling. The same judge may be more free in fact to

consider or reconsider matters affecting his prior rulings than would a colleague on the bench. On the other hand, there are obvious disadvantages and risks in such a practice. There is a value in seeking determination from a mind not predisposed by prior incidents, and a significant related value that the arbiter appear not to be predisposed."

We have recognized the need for a different presiding judge when the one who originally heard the case is biased or, for want of a record of the first hearing, must appear as a witness. *Elser* v. *State*, 243 Ark. 34, 418 S.W.2d 389 (1967); *Orman* v. *Bishop*, 243 Ark. 609, 420 S.W.2d 908 (1967). In the case at hand, however, the petitioner asserts no factual basis for his insistence that the assignment of a new judge is constitutionally mandatory. We find nothing in the record to suggest that Judge Enfield was disqualified from acting upon the postconviction petition. To the contrary, he appears to have treated the petitioner with courtesy and fairness in every particular. The present contention is therefore without merit.

When we were asked to reverse the above quoted language, we reaffirmed it. *Easley* v. *State*, 255 Ark. 25, 498 S.W.2d 664 (1973).

In the case before us there is no suggestion of prejudice in the original proceeding, nor is there any proof to suggest that the trial judge should be disqualified from acting on the post-conviction proceeding, nor is there error as a matter of law because the same trial judge presided over both proceedings.

Appellant next argues that the trial judge erred in excluding evidence by the original attorney on the issue of ineffective assistance of counsel. The issue arose in the following manner. Appellant's original attorney was on the witness stand for direct testimony on appellant's case-in-chief. He was asked if he filed a motion to suppress appellant's confessions on the ground that they were taken during an unlawful arrest. The attorney responded that he had filed such a motion. The State then objected to the line

of questioning and argued that, under the case of *Moore* v. *State*, 273 Ark. 231, 617 S.W.2d 855 (1981), a defendant is foreclosed from questioning his attorney's competency when, at the time of his plea, he states that he is satisfied with the services of his attorney. The court sustained the objection. Appellant now contends the ruling was erroneous as it excluded evidence on the issue of ineffective assistance of counsel. The trial court ruling may have been erroneous, but we have no way of deciding because there were no further questions on the subject and there was no proffer of the excluded testimony. An exclusion of evidence cannot be reviewed in the absence of a proffer showing what the evidence would have been. *Brown* v. *State*, 277 Ark. 294, 641 S.W.2d 7 (1982); Rule 103 (a) (2), Ark. Unif. Rules of Evid., Ark. Stat. Ann. § 28-1001 (Supp. 1977). The point was not preserved for appeal.

Affirmed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur in the result only because we did state in *Moore* v. *State*, 273 Ark. 231, 617 S.W.2d 855 (1981) that the accused had the opportunity to raise ineffective assistance of counsel at the time of sentencing. This rule is entirely too strict and for numerous reasons should be modified. It takes no imagination to realize that most defendants are not learned in the law and would not know at the time of sentencing whether, for example, evidence had been seized in violation of the Fourth Amendment protection. In most instances the allegations of ineffective assistance of counsel are not known until much later. In any event a statement signed by an accused, in the presence of his attorney, that he is satisfied with the services of that attorney is at the very least suspect. Such a statement could even be executed prior to sentencing or trial. In the future I shall vote to hold such statements made at or before sentencing to be of little or no value in determining effectiveness of counsel. Under any circumstances the burden would be with the defendant to prove ineffective assistance. The signed statement should perhaps be allowed as evidence of effectiveness, but should not be conclusive in and of itself.