**Frank BROWN, Jr., Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 85–1313.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1985.

Decided Jan. 14, 1986.

John Wesley Hall, Jr., Little Rock, Ark., for appellant.

Velda P. West, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge and AR-NOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Frank Brown, Jr., an Arkansas state prisoner, appeals from the District Court's dismissal of his petition for habeas corpus under 28 U.S.C. § 2254. Brown was convicted of murder in the Circuit Court of Craighead County in 1981 and sentenced to life in prison. His conviction was upheld on direct appeal by the Arkansas Supreme Court, *Brown v. State*, 277 Ark. 294, 641 S.W.2d 7 (1982); that Court also denied Brown's later petition for post-conviction relief under Rule 37, Ark.R.Crim.P., in an unpublished opinion, *Brown v. State*, No. CR82–103 (Ark. March 28, 1983) (per curiam).

Brown makes essentially the same claims in his habeas petition as he did in the Rule 37 proceeding: that blacks were systematically excluded from the jury at his trial, and that his counsel acted ineffectively by failing to make a pre-trial motion to suppress his confession as involuntary because of intoxication. The District Court dismissed the petition on review of the record but without an evidentiary hearing. The Court held that Brown's allegation of jury exclusion was insufficiently specific to warrant habeas relief, and that the prejudice requirement of an ineffectiveness allega-

tion could not be met, because a motion to suppress the confession could not have succeeded. We affirm the District Court's determination as to the claim of ineffective assistance, but reverse on the question of jury exclusion and remand the case so a hearing can be held on petitioner's claims of systematic discrimination.

## I.

Arkansas law provides for the random selection of jurors, whose names are taken from current voter registration lists,[1] Ark. Stat. §§ 39–205.1, 39–206, 39–209.1. In his pro se petition for habeas relief, Brown stated that the "random selection process used at the trial was unconstitutional because it systematically excluded all blacks from the jury." Because Brown made no specific allegation of purposeful or systematic exclusion, the District Court said it "must infer that his sole basis for this allegation is that there were no Blacks on the jury" and therefore the claim was insufficient as a matter of law. *Brown v. Lockhart*, No. PB–C–83–455, slip op. 10 (E.D.Ark. Feb. 6, 1985). We think the District Court gave too narrow a reading to Brown's allegations, and that there are sufficient questions of fact to call for a hearing.

Under 28 U.S.C. § 2254, a district court must hold an evidentiary hearing when there is a dispute about the relevant facts and the state court did not hold a full and fair hearing, *Lindner v. Wyrick*, 644 F.2d 724, 729 (8th Cir.), *cert. denied*, 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981), or the factual questions cannot be resolved on the basis of the record, *Hill v. Lockhart*, 731 F.2d 568, 572 (8th Cir.1984), *aff'd* on rehearing by an equally divided Court, 764 F.2d 1279 (8th Cir.1984) (en banc), *aff'd*, —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). A hearing is unnecessary, however, if the allegations, even if accurate, fail to state a claim on which

habeas relief could be granted, *Lindner*, 644 F.2d at 729. Finally, there is no requirement of a hearing where the claim is "based solely on 'vague, conclusory, or palpably incredible' allegations or unsupported generalizations." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir.1985) (quoting *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962)). In *Beavers*, for example, the prisoner's claim that a state criminal law was unconstitutionally applied based on race was supported only by the assertion that " 'the petitioner is black in a white society where justice is a false hope.' " 755 F.2d at 663.

The Constitution does not require that the jury which tries a criminal defendant "must mirror the community," *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 702, 42 L.Ed.2d 690 (1975). The Constitution does, however, forbid "wheels, pools of names, panels, or venues * * * [which] systematically exclude distinctive groups in the community," *id.*, and an allegation of such exclusion could be the basis of a grant of habeas relief. Although some identifiable groups are under-represented on voter-registration lists, this Court held in *United States v. Freeman*, 514 F.2d 171 (8th Cir.1975), that use of jury rolls derived from such lists does not result in constitutionally impermissible exclusion, unless those under-represented persons were obstructed from registering. Therefore, the facts stressed by petitioner that Craighead County is only 4.55 per cent. black, and that blacks nationally register in lesser numbers than whites, are irrelevant to Brown's constitutional claim. Were this all that petitioner alleged, the District Court's dismissal would have been proper. Nor would it matter, in the present state of the law of this Circuit, if the prosecuting attorney had used the state's peremptory challenges to remove any blacks who might have been called for jury duty. *United States v. Thompson*, 730 F.2d 82, 85 (8th

---

**1.** Under Arkansas law, unregistered voters, Ark. Stat. § 39–101, along with insane persons, those unable to speak English or with impaired hearing or sight, unpardoned felons, and persons not of good character, Ark.Stat. § 39–102, are disqualified from serving on grand or petit juries.

Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 443, 83 L.Ed.2d 369 (1984).

■ *Freeman,* however, does leave room for challenges to a jury-selection plan based on voter lists if the plan "is being administered in a deliberately discriminatory manner." 514 F.2d at 172. It is just this sort of deliberate discrimination that petitioner's pro se Rule 37 and habeas petitions [2] alleged, albeit inartfully. Such petitions deserve to be read with indulgence. *O'Blasney v. Solem,* 774 F.2d 925, 926 (8th Cir.1985). Brown claims that blacks have been deliberately excluded from Craighead County juries and further states that this exclusion can be proved by an examination of Craighead County jury lists over the past five years.[3]

There is no question that the state court failed to give this allegation a full and fair hearing. The Arkansas Supreme Court stated that Brown "offers factual support for the argument that the jury selection was unconstitutional, but we find the argument to be without merit." *Brown v. State,* CR82–103, Slip op. 1 (Ark. March 28, 1983) (per curiam) (unpublished opinion). The Arkansas provisions for random jury selection are not unconstitutional, the court

said, simply because they fail to "guarantee that a proportionate number of defendant's race will serve on the jury." *Id.* However, this accurate description of the law does not respond to petitioner's allegation that an otherwise constitutional plan for jury selection was tainted by a deliberately exclusionary operation. The District Court similarly construed the question as one of defendant's being tried by an all-white jury, rather than one of a situation where blacks were generally and deliberately kept off juries.

■ We hold that Brown's allegation of systematic exclusion of blacks from Craighead County juries, with its references to specific factual evidence, was sufficient to require the District Court to hold an evidentiary hearing. See *Edgemon v. Lockhart,* 768 F.2d 252, 256 n. 2 (8th Cir.1985). Although presentation of affidavits with the habeas petition would have been preferable, we recognize the difficulty in requiring such preliminary proofs from one who is both indigent and incarcerated some distance from the community whose practices are being challenged. We therefore reverse and remand for an evidentiary hearing on this portion of Brown's petition.[4]

**2.** Petitioner was represented by appointed counsel before this Court, and we are grateful for counsel's services.

**3.** In his federal petition, Brown listed as one of the grounds for habeas relief the somewhat general claim that

The trial court erred in that the jury wheel random selection process used at his trial was unconstitutional because it systematically excluded black persons from the jury.

His Rule 37 petition, however (which is before us as part of the state-court record), contained more specific claims of deliberate exclusion of blacks from the jury pool, rather than just a failure in his case to impanel a jury with black members.

The jury wheel and selection process in [this] case was [sic] both arbitrary and capricious. The unconstitutionallity [sic] can be clearly seen as the selection process dose [sic] not comply with state nor federal standards. The jury was hand picked in favor of the states [sic] attorney by the officers of the court. Blacks was [sic] perposely [sic] excluded and an all white jury wheel was assimbled [sic] for the perpose [sic] of denying appellant's basis

constitutional right to a fair an [sic] impartial trial.

The appellant, thru [sic] investigation of the jury's [sic] impanialed [sic] in the last [five] (5) years[,] can and will prove without a doubt that a fair trial for appellant was impossable [sic] and that blacks are systematicly [sic] excluded from serving on jury's [sic] in Creaighead [sic] County, Arkansas.

In the instent [sic] case, if the court will allow the appellant opportunity of a hearing, the appellant with the registered voter list and county clerk[']s records for the past five (5) yrs [sic][,] will demonstrate through oral testimony how blacks are excluded from jury wheels where they are not wanted to participate.

Petitioner's Rule 37 Petition at pp. 5–6 (State's Exhibit "D"). Brown made similar allegations in later pleadings in his post-conviction proceeding. See Petitioner's Reply to State's Motion to Deny Permission to Appeal under R. 37 (State's Exhibit "F").

**4.** Of course, "[i]f, after an evidentiary hearing, [petitioner] is unable to show * * * [systematic exclusion of blacks from juries], we would agree

The District Court should appoint counsel to represent Brown at the hearing.

## II.

Petitioner also argues that he is entitled to relief because of his appointed counsel's failure to make a timely pre-trial motion for a *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), hearing on the voluntariness of his confession. The trial court denied defense counsel's motion to suppress the confession made just prior to the start of trial on the ground that it was untimely under state law, and also overruled a defense objection to the statement's introduction. No hearing on the voluntariness issue was held.

While the trial court did not make a specific finding of voluntariness, that issue was explored in some detail by the Arkansas Supreme Court in petitioner's direct appeal of his conviction, *Brown v. State*, 277 Ark. 294, 641 S.W.2d 7 (1982). In holding that the trial court's overruling of the defense objection was not clearly erroneous, the Supreme Court reviewed the trial testimony relating to Brown's behavior and condition at the time of his surrender to police and his subsequent statement. The opinion took note of the fact that the state bears the burden of proving by a preponderance of the evidence that a confession is voluntary. Under 28 U.S.C. § 2254, factual findings by state appellate courts are due the same deference by federal courts as that owed trial courts, *Sumner v. Mata*, 449 U.S. 539, 546, 101 S.Ct. 764, 768, 66 L.Ed.2d 722 (1981), and therefore we accept the state Supreme Court's conclusions.

■ A successful claim of ineffective assistance of counsel requires a showing both of counsel's deficient performance and prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Although petitioner's counsel in this case can justly be charged with ineffectiveness for not making a timely pre-trial motion, the District Court properly held that "[p]eti-

that his petition should be dismissed." *Edgem-*

tioner has shown no prejudice * * * and, thus, is not entitled to relief." *Brown v. Lockhart*, PB-C-83-455, Slip op. 5 (E.D. Ark. Feb. 6, 1985).

Accordingly, we affirm the District Court's dismissal of petitioner's claim of ineffective assistance of counsel; on the allegation of systematic exclusion of blacks from Craighead County juries, however, the decision of the District Court is

Reversed and remanded.

*on v. Lockhart*, 768 F.2d 252, 256 (8th Cir.1985).