# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3741

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Vickie Gail Appelquist, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 10, 1998
Filed: June 1, 1998

_____

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Vickie Gail Appelquist appeals her conviction for possession with intent to distribute marijuana seized during a warrant search of her home in Hot Springs, Arkansas. She contends the district court[1] should have granted her motion to suppress because local police violated state law restrictions on nighttime searches, failed to announce their purpose before entering her home, and improperly allowed local media into her home to photograph the results of the search. We affirm.

_____

[1]The HONORABLE JIMM LARRY HENDREN, Chief Judge of the United States District Court for the Western District of Arkansas.

A confidential informant cooperating with state and local police made a controlled purchase of marijuana from Appelquist at her home at 7:30 p.m. on November 19, 1996. The police immediately obtained a warrant to search her home from a municipal court judge. At 8:30 p.m., two Garland County Sheriff's deputies knocked on the door of Appelquist's home. There was no answer. Lieutenant Steed knocked again and called out, "Police Officer. I need somebody to come to the door." There was still no response. Corporal Sanders knocked a third time and shouted, "Sheriff's Department, need somebody to come to the door." Again, there was no response. Sanders then kicked the door in, entered a hallway, and called out, "Police officer; search warrant; need somebody to come out here." Confronted by a dog, Sanders called out three more times, "Police officer. Search warrant. Somebody get this dog." Appelquist and Mark Drake finally emerged from a bedroom.

The subsequent search uncovered 33.28 kilograms of marijuana, two firearms, a pager, a police scanner, documents suggesting marijuana trafficking, and drug paraphernalia. After admitting she had been distributing marijuana for approximately one year, Appelquist pleaded guilty to the distribution offense, reserving her right to appeal suppression issues.

1. Appelquist first argues that the evidence seized at her home must be suppressed because the police violated Arkansas Rule of Criminal Procedure 13.2(c) when they executed after 8:00 p.m. a warrant that did not contain the finding it "can only be safely or successfully executed at nighttime." Appelquist acknowledges the general rule that federal courts do not suppress evidence seized by state officers in conformity with the Fourth Amendment because of state law violations. See United States v. Bieri, 21 F.3d 811, 816 (8th Cir.), cert. denied, 513 U.S. 878 (1994). But she argues this principle should not apply because she was initially charged in state court, and her motion to suppress was pending in that court when this federal prosecution commenced. We disagree. That a suppression motion was previously filed in state court is irrelevant to the inquiry under federal law; indeed, the general rule applies even

when a motion to suppress was *granted* in an earlier state prosecution. See United States v. Friend, 50 F.3d 548, 550-51 (8th Cir. 1995), vacated on other grounds, 517 U.S. 1152 (1996). Here, no federal interest is compromised by denying the motion to suppress because the nighttime search was clearly valid under federal law. See 21 U.S.C. § 879 (drug trafficking search warrant "may be served at any time of the day or night"); Fed. R. Cr. P. 41(h) (defining daytime "to mean the hours from 6:00 a.m. to 10:00 p.m."). Moreover, it is not clear the state court would have granted Appelquist's motion to suppress. The warrant was not issued until 8:00 p.m., the warrant affidavit requested authority to search at night, and the warrant expressly granted such authority. In these circumstances, the state court might well have found omission of the required preliminary finding to be a technical or insubstantial defect, in which case suppression would have been denied under Ark. R. Cr. P. 16.2(e).

2. Appelquist next argues the evidence must be suppressed because the officers failed to announce their purpose before forcibly entering her home. Sanders and Steed knocked three times, and twice loudly identified themselves as police officers, but they did not state that they were there to execute a search warrant until after they entered Appelquist's hallway. She relies upon 18 U.S.C. § 3109, which requires a federal officer to give "notice of his authority *and purpose*" before breaking in to execute a warrant. But § 3109 does not apply to state officers executing state warrants. See United States v. Hawkins, 102 F.3d 973, 976 (8th Cir. 1996), cert. denied, 117 S. Ct. 1456 (1997); United States v. Moore, 956 F.2d 843, 846-47 (8th Cir. 1992).

Knock and announce principles are part of the Fourth Amendment requirement that searches and seizures be reasonable. See Wilson v. Arkansas, 115 S. Ct. 1914, 1918 (1995). Safety and privacy interests are better served if police executing a warrant announce their purpose as well as their identity before forcibly entering. Indeed, many States have enacted statutes to that effect. See Miller v. United States,

357 U.S. 301, 308 n.8 (1958) (collecting cites).[2] But announcement is but one "element of the reasonableness inquiry under the Fourth Amendment," Wilson, 115 S. Ct. at 1918, and at least three circuits have concluded in similar situations that police did not violate even the more rigorous standards of § 3109 when they knocked, identified themselves, but failed to state their purpose before forcibly entering. As the Sixth Circuit stated in United States v. Finch, 998 F.2d 349, 354 (6th Cir. 1993):

> [T]he identification of themselves as police and giving the occupants a reasonable time to respond are far more constitutionally significant than stating their purpose in demanding entry, and in the absence of special circumstances, such as an inquiry from within, the failure to state the purpose does not require suppression of evidence which is seized.

Accord United States v. Leichtnam, 948 F.2d 370, 372-74 (7th Cir. 1991); United States v. One Parcel of Real Property, 873 F.2d 7, 9-10 (1st Cir.), cert. denied sub nom., Latraverse v. United States, 493 U.S. 891 (1989). We agree with those decisions. Viewing the totality of the circumstances in this case, we conclude that the officers' failure to announce their purpose until they were in Appelquist's hallway does not render the subsequent search and seizure constitutionally unreasonable.

3. Fifteen or twenty minutes into the search, police called the local prosecutor, who in turn alerted Walter King, a photographer and bureau chief for a local television station. King went to Appelquist's home and videotaped her being taken from the house and put into a police car. After the search, the police brought King and a photographer from a Hot Springs newspaper into the house to videotape the seized drugs. Appelquist argues the media presence violated Ark. R. Crim. P. 13.3(a), 18 U.S.C. § 3105, and her Fourth Amendment rights. Only the Fourth Amendment

---

[2]Arkansas lacks such a statute. The Arkansas courts examine knock and announce issues from a general reasonableness perspective. See Dodson v. State, 626 S.W.2d 624, 626-29 (Ark. Ct. App.), cert. denied, 457 U.S. 1136 (1982).

governs the suppression of evidence seized by state and local officials. Although we do not encourage or condone such conduct, it is undisputed that the police invited the two private photographers into Appelquist's home only after the police completed the warrant search. We therefore agree with the district court that this police conduct is not a basis for suppressing evidence seized in a valid *and completed* search. Cf. United States v. Hornbeck, 118 F.3d 615, 617 n.4 (8th Cir. 1997).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.