# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2142

_____

United States of America,

        Appellee,

v.

Mike Ferguson,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Arkansas.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: April 16, 2002

Filed: May 13, 2002

_____

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

After the district court[1] denied his motion to suppress, Mike Ferguson entered conditional pleas of guilty to one count of manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of possessing a machine gun, in violation of 18 U.S.C. § 922(o)(1). Ferguson was sentenced to 37 months imprisonment and three years of supervised release. Ferguson now appeals, arguing

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the Report and Recommendation of the Honorable Bobby E. Shepherd, United States Magistrate Judge.

that a nighttime search of his home violated his rights under the Fourth Amendment. We affirm.

On February 29, 2000, an Arkansas State Police officer noticed the smell of ether coming from Mike Ferguson's home in Little Rock, Arkansas. When the officer approached the house, Ferguson and his wife came outside, tried to distract the officer's attention, and blocked the entrance to the house. The officer also noticed a strong odor of ether coming from Ferguson's clothing. Based on this evidence, as well as information that Ferguson had manufactured methamphetamine several months before, the officer obtained a state warrant to search Ferguson's home at any time of the day or night. Arkansas law enforcement officers, without any involvement by federal agents, conducted a search the following night, during the early morning hours of March 1, 2000. During the search, the officers found a fully automatic M-16 rifle, as well as evidence that Ferguson was manufacturing methamphetamine.

On appeal Ferguson argues that the district court erred in refusing to suppress the evidence seized during the execution of the state search warrant. Ferguson may be correct in asserting that the nighttime search of his home violated Arkansas law. See Fouse v. State, 989 S.W.2d 146, 147-49 (Ark. 1999). However, "[w]hen evidence obtained by state law enforcement officers is offered in a federal prosecution, the legality of [the] search and seizure is not determined by reference to state statute, but rather is resolved by fourth amendment analysis." United States v. Maholy, 1 F.3d 718, 721 (8th Cir. 1993) (second alteration in original) (internal quotation marks and citations omitted).

Although a nighttime search can be particularly intrusive, Jones v. United States, 357 U.S. 493, 498 (1958), a search is not unconstitutional simply because it is conducted at night, United States v. Berry, 113 F.3d 121, 123 (8th Cir. 1997). Moreover, a nighttime search conducted by state law enforcement officers does not

offend any federal interest when it is clearly valid under federal law.  United States v. Appelquist, 145 F.3d 976, 978 (8th Cir. 1998).  The nighttime search of Ferguson's home did not violate federal law, which allows a nighttime search if the judge who issues the warrant has probable cause to believe drugs will be on the property when it is searched.  See 21 U.S.C. § 879; Gooding v. United States, 416 U.S. 430, 458 (1974).

Because the Arkansas law enforcement officers did not violate Ferguson's federal constitutional rights, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.