# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1238

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Dale Robert Bach, | * | |
| | * | |
| Appellee. | | |

_____

Submitted:  October 9, 2002

Filed:  November 18, 2002

_____

Before MURPHY, BEAM and MELLOY, Circuit Judges.

_____

BEAM, Circuit Judge.

The government appeals a ruling from the United States District Court for the District of Minnesota suppressing evidence in a criminal case against Dale Robert Bach ("Bach").  The district court found that the seizure of e-mails by Yahoo! personnel from Yahoo!'s servers violated 18 U.S.C. § 3105 and sections 626.13 and 626A.06 of the Minnesota Statutes, and thus the Fourth Amendment.  This violation occurred, according to Bach,  because the warrant was executed outside the presence of a police officer.  The government argues that section 3105 does not codify the Fourth Amendment, that requiring the presence of a police officer during the execution of this type of search is not reasonable, and that Bach's Fourth Amendment

rights were not violated by the search and seizure. We agree with the government and reverse.

## I.    BACKGROUND

Sgt. Schaub of the St. Paul Police Department, a member of the Minnesota Internet Crimes Against Children Task Force ("MICAC"), was contacted by a mother ("DL") because of a document she retrieved from her family's computer. This document contained a partial log of a dialogue between her son ("AM"), who is a minor, and a party using the name "dlbch15." In the dialogue, "dlbch15" asked AM where to hide an object near AM's house and if AM wanted to see him again. When questioned about this dialogue, AM told law enforcement that it had occurred in a "chat room" on www.yahoo.com and that "dlbch15" was going to hide *Playboy* magazines for AM. AM said he had met "dlbch15" in person, but he denied any sexual contact between them.

Schaub investigated this incident, discovered that "dlbch15" was Bach and that he had been convicted of criminal sexual conduct in 1996. Eventually, Schaub obtained a state search warrant to retrieve from Yahoo! e-mails between the defendant and possible victims of criminal sexual conduct, as well as the Internet Protocol addresses connected to his account. Both the warrant itself and Schaub's affidavit indicated that the warrant could be faxed to Yahoo! in compliance with section 1524.2 of the California Penal Code. Schaub faxed the signed warrant to Yahoo!.

Yahoo! technicians retrieved all of the information from Bach's account at dlbch15@yahoo.com and AM's Yahoo! e-mail account. According to Yahoo!, when executing warrants, technicians do not selectively choose or review the contents of the named account. The information retrieved from Bach and AM's accounts was either loaded onto a zip disc or printed and sent to Schaub. E-mails recovered from Bach's account detail him exchanging pictures with other boys and meeting with

them. One e-mail contained a picture of a naked boy. The information retrieved from Yahoo! also included Bach's address, date of birth, telephone number, and other screen names.

Investigators then obtained a search warrant for Bach's house, where they seized a computer, discs, a digital camera, and evidence of child pornography. Based on this information, and the information obtained from Yahoo!, Bach was indicted for possession, transmission, receipt, and manufacturing of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and (2), 2252A(a)(5), 2252A(b)(2), 2252(a)(4), 2252(a)(1) and (2), 2252(b)(2), 2251(a) and (d), and 2253(a). Bach moved to suppress the evidence seized from the execution of both warrants. The district court suppressed the information obtained from the warrant executed by Yahoo! (but not the information obtained from the subsequent search of his home) because an officer was not present during Yahoo's execution of the first warrant in violation of 18 U.S.C. § 3105 and sections 626.13 and 626A.06 of the Minnesota Statutes, both of which, according to the district court, codify the Fourth Amendment. The government appeals this ruling.

## II.    DISCUSSION

We review the district court's conclusions of law de novo. United States v. Guevara-Martinez, 262 F.3d 751, 753 (8th Cir. 2001).

In allowing Yahoo! technicians to search Bach's e-mail outside the presence of law enforcement, MICAC (state officers) violated the provisions of 18 U.S.C. § 3105. However, section 3105 does not apply to these officers because this section applies only to federal officials, not state officials operating under a state search warrant. See U.S. v. Appelquist, 145 F.3d 976, 978 (8th Cir. 1998). It also appears that the state officers executing the search violated Minnesota Statute section 626.13. Even so, such a violation would not warrant suppression of the evidence gained

because federal courts in a federal prosecution do not suppress evidence that is seized by state officers in violation of state law, so long as the search complied with the Fourth Amendment. United States v. Moore, 956 F.2d 843, 847 (8th Cir. 1992); Appelquist, 145 F.3d at 978. We disagree with the district court's determination that section 3105 codifies the Fourth Amendment's requirements for searches and seizures and agree with the Second Circuit that the inquiries under section 3105 and the Constitution are separate and distinct. Ayeni v. Mottola, 35 F.3d 680, 687 (2d Cir. 1994) (abrogated on other grounds, Wilson v. Layne, 526 U.S. 603, 618 (1999)). Thus the only question left for us to answer is whether the search violated the Fourth Amendment.

As a preliminary matter, we first note that in order to find a violation of the Fourth Amendment, there must be a legitimate expectation of privacy in the area searched and the items seized. Smith v. Maryland, 442 U.S. 735, 740 (1979). If there is no legitimate expectation of privacy, then there can be no Fourth Amendment violation. Id. While it is clear to this court that Congress intended to create a statutory expectation of privacy in e-mail files, it is less clear that an analogous expectation of privacy derives from the Constitution. Even though ordinarily we would need to determine whether there is a constitutional expectation of privacy in e-mail files in order to proceed, we decline to decide this issue because even if there is such an expectation, we find on other grounds that this particular search did not violate Bach's Fourth Amendment rights.

Yahoo!'s execution of the search warrant in this case did not violate Bach's Fourth Amendment rights.[1] The Fourth Amendment does not explicitly require official presence during a warrant's execution, therefore it is not an automatic violation if no officer is present during a search. See Wilson v. Arkansas, 514 U.S. 927, 931, 934 (1995) (no automatic violation of the Fourth Amendment if officers do not adhere to the common law's "knock and announce" requirements, but rather a factor to be considered in judging the reasonableness of a search under the Fourth Amendment).

The Fourth Amendment is governed by a "reasonableness" standard. Ohio v. Robinette, 519 U.S. 33, 39 (1996). This standard is flexible and should not be read to mandate rigid rules that ignore countervailing law enforcement interests. United States v. Murphy, 69 F.3d 237, 243 (8th Cir. 1995). Official presence should simply be one of many factors considered in determining the reasonableness of the execution of a search warrant. See Wilson, 514 U.S. at 927. Other relevant factors are the scope of the warrant, the behavior of the searching agents, the conditions where the search was conducted, and the nature of the evidence being sought. United States v. Schandl, 947 F.2d 462, 465 (11th Cir. 1991). If a practice "'substantially increase[s] the time required to conduct the search, thereby aggravating the intrusiveness of the search,'" then it may be reasonable to avoid that practice. Id. at 466 (quoting United States v. Wuagneux, 683 F.2d 1343, 1352 (11th Cir. 1982)).

---

[1] We analyze this case under the search warrant standard, not under the subpoena standard. While warrants for electronic data are often served like subpoenas (via fax), Congress called them warrants and we find that Congress intended them to be treated as warrants. 18 U.S.C. § 2703(b)(1)(A). Additionally, since the search warrant standard is more stringent than the subpoena standard, and since we find the search passes muster under warrant requirements, we find it appropriate to analyze the case under the warrant standard. In re Subpoena Duces Tecum, 228 F.3d 341, 346-47 (4th Cir. 2000).

Civilian searches are sometimes more reasonable than searches by officers. Harris v. State, 401 S.E.2d 263, 266 (Ga. 1991) (stating that a dentist may execute a search warrant for dental X-rays and impressions); Schalk v. State, 767 S.W.2d 441, 454 (Tex. App. 1988) (providing that a search by a civilian software expert more reasonable than search by an officer because the officer lacked knowledge to differentiate a trade secret from a legitimate computer software program), cert. denied, 503 U.S. 1006 (1992); State v. Kern, 914 P.2d 114, 117-18 (Wash. Ct. App. 1996) (indicating that it is reasonable to delegate search of bank records to bank employees, even when police officer was not present during the search). Civilian searches outside the presence of police may also increase the amount of privacy retained by the individual during the search. See Rodriques v. Furtado, 575 N.E.2d 1124 (Mass. 1991) (body cavity search done outside presence of officers); Commonwealth v. Sbordone, 678 N.E.2d 1184, 1190, n.11 (Mass. 1997).

We consider several factors in this case to determine whether the search and seizure of Bach's e-mail from Yahoo!'s server by Yahoo! technicians violated Bach's Fourth Amendment rights, including the fact that no warrant was physically "served," no persons or premises were searched in the traditional sense, and there was no confrontation between Yahoo! technicians and Bach. See United States v. Mountain States Tel. & Tel. Co., 616 F.2d 1122, 1130 (9th Cir. 1980) (utilizing these same factors to determine that a phone company can execute a Federal Rule of Criminal Procedure 41 warrant). Other factors crucial to our decision include: (1) the actual physical presence of an officer would not have aided the search (in fact may have hindered it); (2) the technical expertise of Yahoo!'s technicians far outweighs that of the officers; (3) the items "seized" were located on Yahoo!'s property; (4) there was a warrant signed by a judge authorizing the search; and (5) the officers complied with the provisions of the Electronic Communications Privacy Act, 18 U.S.C. § 2701. All of these factors weigh in favor of the government and we therefore find that the search was constitutional under the Fourth Amendment's reasonableness standard.

The government also argues that the blanket suppression of evidence seized from the victim's account was improper because Bach lacked standing to challenge the seizure of some of the evidence. Not only did Bach concede at oral argument that he lacked standing, but this point is also moot as a result of our holding in this case.

## III.  CONCLUSION

We hold that the search and seizure of Bach's e-mail files from Yahoo!'s server by Yahoo!'s technicians was reasonable under the Fourth Amendment. Bach's motion to suppress the results of this search should have been denied. We reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.