# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3141

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Jason Richard Allison, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 23, 2011
Filed: December 7, 2011

_____

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jason Richard Allison pled guilty to possession with intent to distribute at least fifty grams of methamphetamine. Allison now invokes the right to appeal that he reserved in his plea agreement, challenging the district court's[1] denial in part of his motion to suppress evidence. For the reasons stated below, we affirm.

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

Allison and his girlfriend, Amber Shipp, were traveling in the back of a taxi when law enforcement officers stopped the taxi because they identified Shipp—for whom arrest warrants were outstanding—as an occupant of the taxi. After the officers arrested Shipp and placed her in a patrol car, Deputy United States Marshal Mark Shepherd removed Allison from the taxi. Allison was handcuffed and surrounded by three law enforcement officers when Polk County Sheriff's Deputy Jake Hedgecock removed a zippered gym bag from the back seat of the taxi. Deputy Hedgecock inspected the bag within four minutes of Shipp's arrest and observed a glass "crack or crank" pipe in it.

When officers later learned that a warrant was outstanding for Allison, they arrested him as well. A subsequent search of the bag at a police station revealed approximately $7,000 in cash, digital scales, the glass pipe, and fourteen plastic bags containing about twenty-nine grams of methamphetamine each. Allison sought to suppress both the evidence found in the gym bag and statements he made after being detained. The district court denied Allison's motion to suppress the contents of the gym bag, but granted the motion to suppress his statements. Allison now appeals the district court's denial of his motion to suppress evidence found in the gym bag.

"In considering the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Kelley*, 652 F.3d 915, 917 (8th Cir. 2011). The district court determined that the evidence contained in the bag should not be suppressed because its discovery resulted from a search conducted in reasonable reliance upon this court's pre-*Gant*[2] precedent governing searches incident to arrest. Allison argues that the district court erred by failing to apply *Gant* retroactively to suppress the evidence in this case. In the time between Allison's briefing of this case and this decision, however, the Supreme Court held that it was unnecessary to suppress evidence under *Gant* where

_____

[2]*Arizona v. Gant*, 556 U.S. 332 (2009).

the search occurred prior to *Gant*, stating that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." *Davis v. United States*, --- U.S. ---, 131 S. Ct. 2419, 2423-24 (2011). Assuming, without deciding, that the search of the bag was unconstitutional under *Gant*, we conclude that the incriminating evidence discovered should not be suppressed in light of *Davis*.

This court's precedent at the time the officers stopped Allison in 2008 allowed for a search of the passenger compartment of a vehicle "as 'a contemporaneous incident' of" the "arrest of an 'occupant' or 'recent occupant,'" even when "the arrestee has exited the vehicle and has been handcuffed and placed in a police officer's patrol car . . . ." *United States v. Hrasky*, 453 F.3d 1099, 1101 (8th Cir. 2006) (quoting *New York v. Belton*, 453 U.S. 454, 460 (1981)). Because the search of the gym bag was permissible under binding pre-*Gant* precedent as part of a search of the passenger compartment of the taxi incident to arresting Shipp, the exclusionary rule is not applicable even if the search was illegal under *Gant*. *See Davis*, 131 S. Ct. at 2423-24.

Allison also suggests that the search-incident-to-arrest exception to the warrant requirement does not apply to the search of his bag because Shipp, not Allison, was under arrest at the time of the initial search. We reject this argument. Even assuming that Deputy Hedgecock knew the gym bag belonged to Allison prior to touching it, knowledge that a container in an automobile belongs to someone other than the arrestee does not preclude a search of the container in the course of a search incident to arrest. *See Wyoming v. Houghton*, 526 U.S. 295, 305, 307 (1999) (noting that "[a] criminal might be able to hide contraband in a passenger's belongings as readily as in other containers in the car" and holding that "police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search").

For these reasons, we affirm the district court's partial denial of Allison's motion to suppress evidence.

_____