# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1254

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas D. Clegg

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 18, 2013
Filed: January 9, 2014
[Unpublished]

_____

Before SHEPHERD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Thomas D. Clegg appeals the 120 month sentence the district court[1] imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

U.S.C. § 922(g)(1). On appeal, Clegg argues that the district court abused its discretion by imposing an unreasonable sentence. We affirm.

Terrence Richardson, a taxi cab driver in Kansas City, Missouri, identified Clegg from a lineup of six photographs as the person who robbed him on May 4, 2012. On that date, Richardson flagged down a police officer and indicated that he had been robbed at gunpoint of approximately $85, his cell phone, and the keys to his taxi cab. The taxi cab was subsequently located, and Clegg was arrested at a nearby restaurant. The arresting officers recovered a 9 millimeter firearm from Clegg's pants pocket and found Richardson's cell phone near where Clegg was sitting. Clegg was indicted on and pled guilty to the charge of being a felon in possession of a firearm. At the sentencing hearing, the court adopted the Presentence Investigation Report's Guidelines range of 110 to 120 months and imposed a within-Guidelines sentence of 120 months.

Clegg timely appealed, claiming the sentence was unreasonable and greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a). He contends that the district court abused its discretion by placing undue weight on negative factors and not enough weight on mitigating factors presented during the sentencing hearing, such as his youthfulness at the time of his previous convictions, his background, and the fact that he chose to plead guilty rather than proceed to a jury trial.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, Gall v. United States, 552 U.S. 38, 41 (2007), and we presume that a sentence imposed within the advisory guideline range is reasonable, United States v. Ruelas-Mendez, 556 F.3d 655, 657 (8th Cir. 2009). The district court has wide latitude to weigh the § 3553(a) factors in each case and may give some factors less weight than a defendant prefers, but that alone does not justify reversal. United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009); see also United States

v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011). "'[S]ubstantive appellate review in sentencing cases is narrow and deferential[;] it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" United States v. Kelley, 652 F.3d 915, 918 (8th Cir. 2011) (alterations in original) (quoting United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (internal quotation marks omitted)).

In imposing the sentence, the district court first listed the individual § 3553(a) factors then noted that the factors are considered in conjunction with other information Clegg provided, referencing the letters of support from his family. The court gave particular weight to Clegg's history, which includes four other felonies in the preceding nine years and one violent felony involving a drive-by shooting with an AK-47. Due to the violent felony, the court noted that a need to protect the public was a specific concern, and it concluded that a 120 month sentence is "appropriate and sufficient, but not greater than necessary to accomplish the goals outlined in [18 U.S.C. § 3553]."

Under these circumstances, we are satisfied that the court acted within its discretion by weighing the § 3553 factors, and it did not abuse its discretion in imposing a within-Guidelines sentence of 120 months imprisonment.

The sentence is affirmed.

_____