# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3323

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Francisco Medina De La Cruz, also known as Spider

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 3, 2017
Filed: May 23, 2017
[Unpublished]

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Jose Francisco Medina De La Cruz to 220 months' imprisonment after a guilty plea to one count of conspiracy to distribute

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. At his sentencing hearing, De La Cruz presented evidence that his individual circumstances, particularly the ill health of his daughter, warranted a downward variance from the suggested Guidelines range of 262 to 327 months, and requested a ten-year sentence. On appeal, De La Cruz argues that the 220-month sentence imposed by the district court was substantively unreasonable.

We review the substantive reasonableness of the sentence imposed for an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A sentence is substantively unreasonable if the district court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (quoting United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). "Substantive appellate review in sentencing cases is narrow and deferential; it will be the unusual case when [this court] reverse[s] a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable." United States v. French, 719 F.3d 1002, 1009 (8th Cir. 2013) (quoting United States v. Kelley, 652 F.3d 915, 918 (8th Cir. 2011). Where, as here, the district court imposes a sentence below the advisory guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Ali, 799 F.3d 1008, 1033 (8th Cir. 2015) (quoting United States v. Zauner, 688 F.3d 426, 429 (8th Cir. 2012).

On appeal, De La Cruz argues that while the sentence imposed by the district court adequately considered the crime committed, it did not adequately account for his character and unique propensities and motivations (particularly that he allegedly committed these offenses not out of greed but rather out of desperation to help his daughter) as § 3553(a) dictates–that the resulting sentence was greater than necessary as a result of the district court's failure to properly weigh the factors. He claims the

district court's failure to vary downward further from the suggested Guidelines sentence was an abuse of discretion.

There was no abuse of discretion in this matter. The district court carefully weighed the evidence presented, including the witness testimony and the parties' discussion of the § 3553(a) factors at the sentencing hearing and arrived at a below-Guidelines sentence. That the district court declined to vary further does not indicate that it did not adequately account for De La Cruz's motivations. We afford the district court wide latitude to weigh the § 3553(a) factors, assigning some factors greater weight than others given the complexities of each unique case, in determining an appropriate sentence. United States v. Adams, 820 F.3d 317, 325 (8th Cir. 2016). Having carefully reviewed the arguments on appeal, the sentencing transcript and the district court's sentencing colloquy in this matter, we find the imposed sentence substantively reasonable.

For the reasons stated herein, we affirm.

_____