# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2633
_____

United States of America,

*Plaintiff - Appellee,*

v.

Ryan Neal Montgomery,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: November 17, 2025
Filed: April 3, 2026

_____

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.

_____

COLLOTON, Chief Judge.

Ryan Montgomery entered a conditional guilty plea to one count of conspiracy to advertise child pornography. *See* 18 U.S.C. § 2251(d), (e). The district court[1]

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the

denied Montgomery's motion to suppress evidence that was seized during a search of his home. Montgomery appeals the order, and we affirm.

I.

A state magistrate judge signed a warrant authorizing a search of Montgomery's residence for evidence related to the distribution and possession of child pornography. The warrant was issued on October 27, 2020, and provided that it must be executed on or before November 3, 2020, "in the daytime 6:00 a.m. to 10:00 p.m."

The next day, law enforcement officers executed the warrant and seized electronic devices and digital evidence containing child pornography. Montgomery admitted that he had posted child pornography online and served as a moderator on a child pornography website. A grand jury charged Montgomery with conspiracy to advertise child pornography and conspiracy to distribute and receive child pornography.

Montgomery moved to suppress the evidence seized during the search of his residence. He argued that the search was conducted outside the time period specified in the warrant, in violation of the Fourth Amendment and Federal Rule of Criminal Procedure 41. At a hearing, five witnesses called by the government testified that the search occurred after 6:00 a.m. Three witnesses summoned by Montgomery testified that the search occurred before 6:00 a.m. The district court found the government's witnesses credible and denied the motion to suppress.

---

Honorable W. Brian Gaddy, United States Magistrate Judge for the Western District of Missouri.

Montgomery then pleaded guilty to conspiracy to advertise child pornography, reserving his right to appeal the denial of his motion to suppress. The district court sentenced Montgomery to 255 months' imprisonment, and the government dismissed the second count in the indictment.

II.

A search warrant must be executed during the daytime, between the hours of 6:00 a.m. and 10:00 p.m., unless the judge expressly authorizes execution at another time. Fed. R. Crim. P. 41(a)(2)(B), 41(e)(2)(A)(ii); *United States v. Kelley*, 652 F.3d 915, 917-18 (8th Cir. 2011). To succeed on a motion to suppress evidence for a violation of Rule 41, a defendant must show:

> (1) the violation is of constitutional magnitude; (2) the defendant is prejudiced in that the search would not have taken place or would not have been as intrusive; or (3) there is evidence of an intentional and deliberate or reckless disregard for that rule.

*United States v. Skarda*, 845 F.3d 370, 375 (8th Cir. 2016).

Montgomery argues the search of his residence violated the Fourth Amendment because it occurred outside the time period specified in the warrant. Faced with conflicting testimony at the suppression hearing, the district court credited the witnesses who testified that the warrant was executed shortly after 6:00 a.m. Such a credibility finding is almost never a clear error "unless there is extrinsic evidence that contradicts the witness's story or the story is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it." *United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995).

Montgomery contends that the district court erred in crediting the government's witnesses over contradictory testimony from three members of Montgomery's family.

-3-

The government called five witnesses—three FBI agents, a police officer, and an FBI photographer. The FBI operations plan specified that the search would begin at 6:00 a.m. All three agents testified that they reviewed the warrant and understood it could not be executed before 6:00 a.m. During the pre-execution briefing, one agent instructed the warrant execution team to begin the search at 6:00 a.m., not before. Another agent testified that he checked the time on his phone before the search team executed the warrant and verified that the team did not begin the search before 6:00 a.m. He testified that the search team arrived at Montgomery's home at 6:00 a.m., knocked and announced their presence, and entered the Montgomery residence approximately 15 to 20 minutes after knocking. All of the government's witnesses testified that the warrant was executed after 6:00 a.m. and according to plan.

Montgomery's father, mother, and sister testified that the warrant was executed before 6:00 a.m. Although these witnesses were generally consistent about the timing of the search, the district court found that their statements "appear[ed] to have been affected by discussions the family previously had among themselves — rather than each individual's independent recollection." Montgomery's witnesses testified that they spoke with one another before the suppression hearing, and the district court found that their conversations were "indicative of an attempt to align versions of events." The testimony of defense witnesses also contained factual errors that further undermined their credibility. Montgomery's witnesses claimed police shined a large, high light through their home and used cell phone "pings" during the search, but the investigators established that they did not use a floodlight and lacked the technological capability to "ping" cell phones.

The district court found the testimony of law enforcement witnesses "credible in all aspects." The court found that the defense witnesses were not credible in their claims about the timing of the search, in light of factual contradictions of their testimony, the appearance of an attempt to align their stories, and the bias of family members. Assessments of witness credibility are "the province of the trial court,"

-4-

*Heath*, 58 F.3d at 1275, and there is no clear error in the district court's well-explained finding here.

Montgomery also asserts that technological errors with the metadata on police recording devices and typographical errors on police reports undermine the credibility of the investigators. The asserted errors, however, are inconsequential and do not establish a clear error.

Montgomery asserts that the metadata on the audio recording of his statement to police incorrectly display a recording time of 10:21. The government did not rely on this metadata to establish the timing of the search. One of the FBI agents explained that metadata for these recording devices must be "set" by a law enforcement officer, and he likely set the device incorrectly. The district court reasonably credited this explanation.

Montgomery also contends that "the reports that followed and documented the execution of the warrant contained errors." At one point in her report, an FBI agent wrote that the warrant was executed on October 27, instead of October 28. Elsewhere in her report, however, the agent correctly reported that the warrant was executed on October 28. This imprecision in report drafting does not undermine the district court's finding about the time of day for the search.

The district court found that the warrant was executed at or after 6:00 a.m., in accordance with the command in the warrant, and the record supports the district court's finding. Therefore, the court properly denied the motion to suppress. The order of the district court is affirmed.

_____